**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**IN THE MATTER OF THE COMPLAINT OF MARQUETTE TRANSPORTATION COMPANY, LLC, AS OWNER AND OPERATOR OF THE M/V QUENTON CRAIG HARRIS, OFFICIAL NO. 543238, FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

**CASE NO.** 5:26-CV-239-BJB

**In Admiralty**

---

COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY
(Electronically Filed)

---

COMES NOW the Limitation Plaintiff, Marquette Transportation Company, LLC, as owner and operator of the M/V QUENTON CRAIG HARRIS, Official No. 543238, and, in support of its Complaint seeking exoneration from or limitation of liability, pursuant to 46 U.S.C. § 30501, *et seq*., states as follows:

1.

This action is brought pursuant to 46 U.S.C. § 30501, *et seq.*, commonly called the Limitation of Liability Act.

2.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the FEDERAL RULES OF CIVIL PROCEDURE, and this Court has jurisdiction over these parties and this cause of action, and this matter is governed procedurally by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, FEDERAL RULES OF CIVIL PROCEDURE.

3.

Jurisdiction exists in this action pursuant to admiralty and maritime jurisdiction of the United States Courts, 28 U.S.C. § 1333, and the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq*.

4.

Limitation Plaintiff, Marquette Transportation Company, LLC, at all relevant times, was and is a Delaware limited liability company, with its principal place of business in Paducah, Kentucky.

5.

At all relevant times, Marquette Transportation Company, LLC was and is the legal owner and operator of the M/V QUENTON CRAIG HARRIS, Official No. 543238.

6.

At the time this Complaint was filed, the M/V QUENTON CRAIG HARRIS was within the jurisdictional boundaries of the United States District Court for the Western District of Kentucky and within this Division. Venue is proper in the United States District Court for the Western District of Kentucky as Limitation Plaintiff entered into a Venue Selection Agreement with Teddy Brandon dated July 25, 2024, wherein the parties agreed that all disputes arising from Brandon's employment with Marquette to be resolved in this District. A copy of the Venue Selection Agreement is hereby incorporated by reference according to Rule 10(c) of the Federal Rules of Civil Procedure.

7.

Prior to the voyage and incident that is the subject of this proceeding, and at all relevant times, Limitation Plaintiff exercised due diligence to place and maintain the M/V QUENTON

CRAIG HARRIS in a seaworthy condition in all respects, and the M/V QUENTON CRAIG HARRIS was in fact tight, staunch, strong, fully and properly equipped, and seaworthy in all respects, fit and proper for the service in which it was engaged at the time of the occurrence hereinafter described.

8.

On May 14, 2026, the M/V QUENTON CRAIG HARRIS was afloat and located at CGB 164 Fleet, near Convent, Louisiana, on the Westbank of the Mississippi River.

9.

The M/V QUENTON CRAIG HARRIS intended on picking up 18 barges from that area.

10.

At approximately 0315 hours, as the M/V QUENTON CRAIG HARRIS remained stationary to allow two crewmembers to attach the tow of the 18 barges to the M/V QUENTON CRAIG HARRIS, a wire struck crewmember Teddy Brandon in his legs (the Incident").

11.

Following the Incident, Teddy Brandon suffered injuries as a result of the Incident.

12.

Upon information and belief, the value of Limitation Plaintiff's interest in the M/V QUENTON CRAIG HARRIS was, at the time of the Incident, TEN MILLION EIGHT HUNDRED EIGHTY-EIGHT THOUSAND ONE HUNDRED AND FIFTY UNITED STATES DOLLARS AND NO CENTS ($10,888,150.00). Attached hereto as Exhibit 1 is a Declaration from Evans Martin McLeod, reflecting the value of said vessel immediately following the Incident.

13.

The M/V QUENTON CRAIG HARRIS has not been attached or arrested in any suit, nor has any suit been brought against the M/V QUENTON CRAIG HARRIS in connection with this matter.

14.

Limitation Plaintiff is, as of this date, unaware of any suits, petitions, demands, unsatisfied claims of liens, or liens against Limitation Plaintiff or the M/V QUENTON CRAIG HARRIS *in rem* in connection with the Incident made subject of this complaint.

15.

This Limitation Complaint is filed within six months of the date of the Incident.

16.

The above-described Incident and all losses and damages resulting from it were not caused by negligence on the part of Limitation Plaintiff, nor on the part of the M/V QUENTON CRAIG HARRIS itself, or any persons for whom Limitation Plaintiff was or is responsible, nor were there any unseaworthy conditions aboard the M/V QUENTON CRAIG HARRIS which caused or contributed to the Incident. Accordingly, Limitation Plaintiff and the M/V QUENTON CRAIG HARRIS are each entitled to be exonerated from all liability for the Incident.

17.

Additionally and/or alternatively, should there be a determination that the Incident occurred due to negligent or improper operation of the M/V QUENTON CRAIG HARRIS by its crew or an unseaworthy condition aboard said vessel, which Limitation Plaintiff denies, any such conduct or condition occurred and/or existed without any privity or knowledge of any officer, director or managing agent of Limitation Plaintiff and, for this reason, Limitation Plaintiff and the

M/V QUENTON CRAIG HARRIS are entitled to limit their liability to the post-accident value of the M/V QUENTON CRAIG HARRIS pursuant to 46 U.S.C. § 30501, *et seq*.

18.

Limitation Plaintiff will offer for the Court's approval an *ad interim* stipulation for the value of the M/V QUENTON CRAIG HARRIS in the sum of $10,888,400.00 United States Dollars, said sum being equal to the aggregate value of Limitation Plaintiff's interest in the M/V QUENTON CRAIG HARRIS and its costs in the sum of $250.00 United States Dollars.

WHEREFORE, Limitation Plaintiff prays:

A. That this Court enter an Order approving an *ad interim* stipulation to be filed by Limitation Plaintiff for the value of Limitation Plaintiff's interest in the M/V QUENTON CRAIG HARRIS in the amount of $10,888,150.00 United States Dollars plus costs in the amount of $250.00 United States Dollars;

B. That this Court accept the *ad interim* stipulation as security for the value of the M/V QUENTON CRAIG HARRIS and the court costs in the total amount of $10,888,400.00 United States Dollars plus interest at the rate of six percent (6%) per annum from the date of this Complaint;

C. That this Court issue an Order enjoining or restraining the commencement or prosecution of any and all actions, suits or legal proceedings of whatsoever kind, nature or character by any claimant against the Limitation Plaintiff, its officers, agents, servants, employees or affiliated companies, or against the M/V QUENTON CRAIG HARRIS itself, arising out of or attributable to the Incident;

D. That this Court admonish each and every claimant to appear and file his or her claim with the Clerk of this Court on or before a date to be fixed by this Court or be forever barred and permanently enjoined from making and filing such claims;

E. That this Court direct each and every claimant to answer the allegations contained in this Complaint;

F. That this Court, after due hearing, determine that Limitation Plaintiff and/or the M/V QUENTON CRAIG HARRIS are not liable for any damage on any basis whatsoever in connection with the Incident; and

G. That, in the alternative, should this Court determine that Limitation Plaintiff and/or the M/V QUENTON CRAIG HARRIS are liable to any person, firm, corporation or entity to any extent on any basis, which is denied, the Court then determine that Limitation Plaintiff is entitled to limit its liability to the value of its interest in the M/V QUENTON CRAIG HARRIS and that a judgment be entered discharging Limitation Plaintiff and the M/V QUENTON CRAIG HARRIS from any further liability arising from or growing out of or in connection with the Incident, and for such other relief as the proof may show appropriate.

RESPECTFULLY SUBMITTED, this 21st day of August 2026.

**WHITLOW, ROBERTS, HOUSTON & STRAUB, PLLC**

*<u>/s/ C. Thomas Miller</u>*
C. Thomas Miller
Darren R. Smith
300 Broadway
P.O. Box 995
Paducah, Kentucky 42002-0995
(270) 443-4516
(270) 443-4571 fax
tmiller@whitlow-law.com
dsmith@whitlow-law.com

**PHELPS DUNBAR LLP**
Evans Martin McLeod
LA Bar No. 24846 (*To be admitted Pro Hac Vice)*
Ashley B. Palermo
LA Bar No. 40708 (*To be admitted Pro Hac Vice)*
Canal Place, 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: marty.mcleod@phelps.com
Email: ashley.palermo@phelps.com

**ATTORNEYS FOR LIMITATION PLAINTIFF, MARQUETTE TRANSPORTATION COMPANY, LLC**